**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **ALLEGHENY CASUALTY COMPANY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 1:17-cv-1108** |
| | ) | |
| **RIVER CITY ROOFING, LLC,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

**JOINT DISCOVERY PLAN**

In accordance with Fed. R. Civ. P. 26, Local Rule 26(A), and this Court's Order of December 22, 2017 (Doc. No. 6), Plaintiff Allegheny Casualty Company ("ACC") and Defendants River City Roofing, LLC, Rodney G. Young, Karen R. Young, and Sterling Young (collectively "Defendants"), by counsel, submit this Joint Discovery Plan for consideration by the Court:

**1.** **Nature of Claims and Defenses/Possibility of Prompt Settlement:** The Parties have considered and conferred regarding the nature and basis of their claims and defenses, as well as the possibilities for promptly settling or resolving the case. No agreement has been reached. The Parties will continue to discuss the possibility of settling or resolving this action.

**2.** **Initial Disclosures Under Fed. R. Civ. P. 26(a)(1):** The Parties have agreed to serve their initial disclosures on or before February 7, 2018.

**3.** **Limitations on Discovery:** Discovery shall be completed by May 11, 2018. The Parties have agreed that discovery need not be conducted in phases or be limited to, or focused on particular issues, except as set forth in this Discovery Plan.  Counsel for the Parties have discussed with their clients the obligations regarding the preservation of discoverable information.

**4.** **Service of Papers and Pleadings:** The Parties agree to accept service of any non-ECF pleadings and papers by email in .pdf format upon counsel of record.

5.      **Depositions:** Unless otherwise authorized by the Court or stipulated by the Parties, a deposition is limited to one (1) day of seven (7) hours.  Such deposition time may be broken up over multiple days upon the agreement of the Parties provided no deponent is deposed for more than 7 hours, cumulatively.  Pursuant to the Court's Scheduling Order, no Party may exceed five (5) non-party, non-expert witness depositions without first obtaining leave of court.

6.      **Interrogatories:** A Party may not serve more than thirty (30) interrogatories, including parts and subparts, without leave of court.

7.      **Disclosure of Electronically Stored Information:** The Parties have agreed to produce electronically stored information on compact disks ("CDs") or USB storage drives, or in paper form if separately maintained in that manner, and will comply with all reasonable requests for a certain form or forms in which electrically stored information is to be produced, consistent with Fed.R.Civ.P. 34(b)(1)(C).  The Parties have agreed to work together to develop a mutually agreeable protocol to manage electronic document discovery proportionate to the size and scope of the dispute.

8.      **Inadvertent Production of Privilege Material:** Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production.  If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request of the producing party, and such returned or destroyed material shall be deleted from any litigation support or other database.  No use shall be made of such documents during depositions or at trial

2

and they shall not be disclosed to anyone who was not given access to them before the request to return or destroy.  The party returning such documents may move the Court for an order compelling production of the material but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

9.      **Protective Order:** At this time, the Parties do not anticipate the production of highly confidential documents. Should the need arise, counsel will submit a separate stipulated proposed protective order to the Court.

10.      **Dispositive Motions:** All summary judgment briefs and other dispositive motions will be brought pursuant to Local Rule 56, such that a hearing may be scheduled within a reasonable time before the date of trial.  Currently pending before the Court is ACC's Motion for Summary Judgment. which is set for February 2, 2018 at 10:00 AM.

11.      **Expert Witness Disclosures:** The Parties have agreed that affirmative expert disclosures shall be made on or before March 7, 2018. Responsive expert disclosures shall be made on or before April 6, 2018.  Any rebuttal designations shall be made on or before April 20, 2018.

12.      **Witnesses and Exhibits:** The disclosures required by Fed. R. Civ. P. 26(a)(3), a list of each Parties' exhibits to be used, and witnesses to be called at trial shall be filed and exchanged by the Parties on or before May 18, 2018.  The Parties will exchange copies of the exhibits prior to the final pretrial conference scheduled to occur on May 18, 2018.  Pursuant to the Court's Scheduling Order, the Parties will file any objections to exhibits within ten (10) days after the conference or else the exhibits shall stand as admitted into evidence.  The Parties will deliver to the clerk of court an original of the exhibits pursuant to Local Rule 79(A).

13.     **Initial Pre-Trial Conference:** The Parties request that they be excused from the attendance of the Initial Pretrial Conference currently scheduled for Wednesday, January 24, 2018 at 11:00 AM.

14.     **Final Pre-Trial Conference:** The final Pretrial Conference will be held before the Court on Friday May 18, 2018 at 1:30 PM.

15.     **Trial:** Plaintiff expects this matter may be tried in less than two (2) days, to be set for a day certain within four (4) to eight (8) weeks of the Pretrial Conference.  The Parties do consent to have a United States Magistrate Judge conduct the trial of this matter.

**DATED**:  January 17, 2018                    Jointly submitted,

**ALLEGHENY CASUALTY COMPANY**

By Counsel

/s/ Robert J. Dietz

Robert J. Dietz, Esq. (Bar No. 70948)
Lauren P. McLaughlin, Esq. (Bar No. 44975)
Raziye Andican, Esq. (Bar No. 91272)
BRIGLIAMCLAUGHLIN, PLLC
1950 Old Gallows Road, Suite 750
Tysons Corner, Virginia 22182
Telephone: 703.506.1990
Facsimile:  703.506.1140
rdietz@briglialaw.com
lmclaughlin@briglialaw.com
randican@briglialaw.com

-and-

**RIVER CITY ROOFING, LLC
RODNEY G. YOUNG, KAREN R. YOUNG
and STERLING YOUNG**


_____/s/ S. Sadiq Gill_____
S. Sadiq Gill, Esq. (VSB No. 30835)

DURRETTECRUMP PLC
1111 E. Main Street
Bank of America Center, 16th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Facsimile: (804) 775-6911
E-mail: sgill@durrettecrump.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January, 2018,  I will electronically file the

foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification

of such filing (NEF) to the following:


S. Sadiq Gill
DuretteCrump PLC
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219
*Counsel for Defendants*


_____/s/ Robert J. Dietz_____
Robert J. Dietz, Esq.

5